FILED

FEB 2 4 2009

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RICHARD PAUL LOSH,                           CV. 07-317-PK

            Petitioner,                           FINDINGS AND
                                             RECOMMENDATION

v.

JEAN HILL, Superintendent,

            Respondent.

PAPAK, Magistrate Judge:

     Petitioner Richard Paul Losh brings this habeas corpus action pursuant to 28 U.S.C. §

2254. Losh argues that the trial court's imposition of a consecutive and upward departure

sentence violated his rights under the Fifth, Sixth and Fourteenth Amendments to the United

States Constitution. He also asserts that the failure of trial and appellate counsel to object to the

sentence on federal constitutional grounds violated his right to effective assistance of counsel.

For the reasons set forth below, the petition should be denied.

Page 1 - FINDINGS AND RECOMMENDATION

## BACKGROUND

In 2003, Losh was indicted in Yamhill County, Oregon for charges that arose out of a single incident, in October 2002, when Losh broke into a home and engaged in a physical struggle with a woman who lived there, in an apparent attempt to commit rape. (Exhibits to Answer, #17, Ex. 102, 104.) Pursuant to plea negotiations, Losh entered a guilty plea to Kidnaping in the First Degree and Burglary in the First Degree and a no contest plea to Attempted Rape in the First Degree. (Ex. 103, 104.) The state dropped two additional charges as part of the agreement. (Ex. 102, 103.) The parties also agreed that the attempted rape sentence would run concurrent to any other sentence Losh received. (Ex. 103.) The parties, however, understood that they would be free to argue their respective positions on whether Losh would receive an upward departure on the burglary conviction and whether the burglary sentence would run concurrently or consecutively to the kidnaping sentence. (Ex. 104, p.4.)

The court sentenced Losh on February 28, 2003, after the United States Supreme Court issued its decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000) but before the Court's decision in *Blakely v. Washington*, 542 U.S. 296 (2004). At the sentencing hearing, Losh's counsel argued that a departure on the burglary cconviction would be inappropriate because his plea and conviction already captured the aggravating factors that the court could use to justify the departure. *Id.* at 5. His counsel also presented mitigating evidence and testimony regarding his character. *Id.* at 5-6.

At the time of Losh's sentencing, Oregon Revised Statute section 164.225 classified First Degree Burglary as a Class A felony, which under section 161.605, carried a maximum prison term of 20 years. Or. Rev. Stat. §§ 164.225; 161.605. The burglary conviction had a

Page 2 - FINDINGS AND RECOMMENDATION

presumptive prison term of 34 to 36 months under the sentencing guidelines. (Ex. 104, p.10.)

Under Oregon Revised Statute section 137.123(5), a court had discretion to impose consecutive

terms of imprisonment for separate convictions arising the same course of conduct only if the

court found certain facts. Or. Rev. Stat. § 137.123(5). In relevant part, a court could impose a

consecutive sentence if the court found that the offense "was not merely an incidental violation of

a separate statutory provision" during the commission of "a more serious crime," but rather

demonstrated "the defendant's willingness to commit more than one criminal offense." *Id.*

The court sentenced Losh to a 90-month prison term on the kidnaping conviction, a 72-

month prison term on the burglary conviction, to run consecutive to the kidnaping conviction,

and a 12-month prison term on the attempted rape conviction, to run concurrent with the sentence

imposed for the kidnaping conviction. (Ex. 104 at 10-12.) The court explained that the

consecutive sentence was appropriate pursuant to Oregon Revised Statute section 137.123(5)(a)

because the burglary was not an incidental violation of a separate statutory provision, but rather

was an indication of the defendant's willingness to commit more than one criminal offense. *Id.*

In written findings, the court explained that the victim's vulnerability, the degree of harm and fear

inflicted on the victim, and the "great degree of planning" by the defendant provided the rationale

for the upward departure on the burglary charge. (Ex. 101, p.3.)

Although Losh tried to appeal his sentence, his court-appointed appellate counsel

decided, based on a discussion with his trial counsel, that he had no basis for appeal. (Pet.

Memo. #22, Ex. 1.) Losh filed a Petition for Post-Conviction Relief (PCR), alleging several

grounds for relief, including: that the court sentenced him to an illegal upward departure and

consecutive sentence on the burglary charge; that trial counsel was ineffective in failing to object

Page 3 - FINDINGS AND RECOMMENDATION

to that sentence and in failing to identify grounds for an appeal; and that appellate counsel was ineffective in failing to identify grounds for appeal. (Exhibits to Answer, Ex. 105.) At the PCR trial, Losh sought relief under *Blakely* and *Apprendi*. (Ex. 118, p.4.) The PCR court recognized that the petition involved both federal and state constitutional issues but denied relief, holding that "*Blakely* is not retroactive" (Ex. 119) and that Losh's trial counsel was not ineffective for failing to raise the issue decided in *Blakely*. (Ex. 118, p.3.)

Losh appealed the PCR court decision, again arguing that his upward departure and consecutive sentence on the burglary charge was unlawful under the U.S. Supreme Court decisions in *Apprendi* and *Blakely*. (Ex. 120, p. 7-9.) He also argued that his trial counsel was ineffective for failing to make any constitutional objection to the sentence on the burglary charge. *Id.* at 11. The Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. (Ex. 123, 124.)

Losh now seeks habeas relief on the following grounds: 1) the trial court violated his rights when it imposed an upward departure and consecutive sentence based on facts found by the judge, rather than by a jury; 2) trial counsel rendered ineffective assistance when she failed to object to the unlawful upward departure and consecutive sentence and when she failed to identify issues for appeal; and 3) appellate counsel was ineffective in failing to appeal the unlawful sentence. (Amend. Pet. #21.)

## STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1995 (AEDPA), a federal court may not grant a habeas petition unless the state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme

Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

The terms "contrary to" and "unreasonable application" have independent meanings. *Lambert v. Blodgett*, 393 F.3d 943, 974 (9th Cir. 2004) cert. denied, 126 S. Ct. 484 (2005). A state court decision is "contrary to" clearly established federal law if it is "in conflict with", "opposite to", or "diametrically different from" Supreme Court precedent. *Williams v. Taylor*, 529 U.S. 362, 388 (2000). An "unreasonable application" of clearly established Supreme Court law occurs when "the state court identifies the correct governing legal principle . . . but unreasonably applies that principle to the facts of the prisoner's case." *Lambert*, 393 F.3d at 974. A federal court making an "unreasonable application" inquiry should ask whether the state court's application of federal law was objectively unreasonable. *Waddington v. Saurasad*, ___ U.S. ___, 172 L. Ed. 2d 532, 542 (2009).

"'[C]learly established Federal law' is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lambert*, 393 F.3d at 974. The federal court reviews the last reasoned decision by the state court. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991); *Franklin v. Johnson*, 290 F.3d 1223, 1233 n. 3 (9th Cir. 2002). When the state court does not supply the reasoning for its decision, the federal court independently reviews the record but nonetheless defers to "the state court's ultimate decision." *Pirtle v. Morgan*, 313 F.3d 1160, 1167 (9th Cir. 2002).

## DISCUSSION

## I.      Failure to Exhaust and Procedural Default

The AEDPA requires that habeas petitioners exhaust state remedies on all claims alleged

in their § 2254 petitions, unless the state lacks a corrective process or the state process is

ineffective to protect the petitioner's rights. 28 U.S.C. § 2254(b)(1). A state prisoner satisfies the

exhaustion requirement by fairly presenting his claims to the appropriate state courts at all

appellate stages afforded under state law. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *O'Sullivan*

*v. Boerckel*, 526 U.S. 838, 845 (1999). "Ordinarily a state prisoner does not fairly present a

claim to a state court if that court must read beyond a petition or a brief (or a similar document)"

to discern "the presence of a federal claim." *Baldwin*, 541 U.S. at 32. Courts determine

exhaustion "on a claim-by-claim basis." *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir.

2005).

When a prisoner has not presented his or her federal claims through all the appellate

stages offered by the state but can no longer do so under state law, then the claims are

procedurally defaulted. *Coleman v. Thompson*, 501 U.S. 722, 732 (1991). Federal courts

presented with a habeas petition will not review a state court decision that rests on an

independent and adequate state law ground. *Id.* at 729. The state court, however, must make it

clear that its decision rests on an independent and adequate state ground. *La Crosse v. Kernan*,

244 F.3d 702, 704 (9th Cir. 2001). Otherwise, the court presumes "that the state denial was

based at least in part upon federal grounds, and the petitioner may seek relief in federal court."

*Id.* The state bears the burden to establish that a petitioner's claim is procedurally defaulted.

*Insyxiengmay*, 403 F.3d at 665.

Here, Losh's appeal of the PCR trial court decision did not include two of the claims he

now presents in his federal habeas petition. Specifically, his PCR appeal did not argue that his

trial counsel rendered ineffective assistance when she failed to identify issues for appeal, nor did

Page 6 - FINDINGS AND RECOMMENDATION

he argue that his appellate counsel was ineffective in failing to appeal the unlawful sentence.

Accordingly, the court should find that Losh has procedurally defaulted those claims.[1]

The state also argues that Losh has procedurally defaulted his claim that the trial court

violated his federal constitutional rights when it imposed a consecutive, upward departure

sentence on the burglary conviction. The state contends that Losh procedurally defaulted this

claim because he should have raised it during his sentencing and on direct appeal. Although the

state may be correct, the state overlooks that the PCR court addressed the merits of Losh's

sentencing error claims when it held that *Blakely* was not retroactive. Thus, because the state

court addressed the federal constitutional issue, the state has not met its burden to show that

Losh's sentencing error claim is procedurally defaulted.

**III.    Merits**

**A.    Trial Court Error Claims**

In *Apprendi*, the Supreme Court held that, "[o]ther than the fact of a prior conviction, any

fact that increases the penalty for a crime beyond the prescribed statutory maximum must be

submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. After *Apprendi*,

courts understood "statutory maximum" to be the maximum term of imprisonment set forth in

state statutes. *See Schardt v. Payne*, 414 F.3d 1025, 1035 (9th Cir. 2005) (collecting federal

circuit court cases); *State v. Dilts*, 179 Or. App. 238, 39 P.3d 276 (2002), aff'd 336 Or. 158, 82

P.3d 593 (2003), vacated by *Dilts v. Oregon*, 542 U.S. 934 (2004). In *Blakely*, however, the

---

[1] Alternately, the court should deny relief on the merits of those claims, for the reasons set forth below. *See* 28 U.S.C. § 2254(b)(2) ("[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of an applicant to exhaust the remedies available in the courts of the State.")

Page 7 - FINDINGS AND RECOMMENDATION

Supreme Court defined "statutory maximum" as "the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*." 542 U.S. at 303-304. In other words, *Blakely* defined "statutory maximum" to include the presumptive sentencing range under mandatory sentencing guidelines. *See, e.g., Bush v. Hill*, No. 06-166, 2008 U.S. Dist. LEXIS 70203, at * (D. Or. Sept. 16, 2008) (explaining the effect of *Blakely*).

Here, Losh's 72-month sentence for burglary represented an upward departure from the presumptive 34 to 36 months under the Oregon sentencing guidelines. The duration of his sentence, however, was less than the 20-year maximum term of imprisonment he could receive under the state statute. Losh nonetheless maintains that his burglary sentence is unlawful under the Supreme Court's holding in *Apprendi* because the trial court found facts to justify an upward departure from the presumptive sentence under the guidelines.

Losh's argument is unavailing. The Ninth Circuit has rejected the idea that *Blakely* merely applied the rule already announced in *Apprendi*. *Schardt*, 414 F.3d at 1034-1035. Instead, the Ninth Circuit held that *Blakely* announced a new rule, and that rule was neither retroactive nor "clearly established" prior to the Supreme Court decision that announced it. *Id.* at 1036-1037. As a result, the PCR court's rejection of Losh's argument that the upward departure violated *Apprendi* was neither contrary to nor an unreasonable application of clearly established federal law. The court should therefore deny this ground for habeas relief.

Losh also argues that his burglary sentence violated *Apprendi* because the sentencing judge found facts to justify his decision that the sentence would run consecutively. That argument, however, is foreclosed by the Supreme Court's recent decision in *Oregon v. Ice*, ____

U.S. ___, 129 S. Ct. 711, 172 L. Ed. 2d 517 (2009). In *Ice*, the Supreme Court upheld Oregon

Revised Statute section 137.123, which requires that judges find certain facts before they may

impose consecutive sentences. *Id.* at 714-715. The Court reasoned that, because the decision to

impose sentences consecutively did not lie within the traditional jury function under common

law, a law that requires a judge to find facts before imposing a consecutive sentence does "not

implicate the core concerns that prompted [the Court's] decision in *Apprendi.*" *Id.* at 717- 718.

Therefore, the PCR court's decision that the consecutive sentence did not violate *Apprendi* was

neither contrary to nor an unreasonable application of clearly established federal law. The court

should therefore deny this ground for habeas relief.

### B.    Ineffective Assistance of Trial Counsel Claim

A federal claim of ineffective assistance of counsel requires that the petitioner prove his

counsel's performance fell below "an objective standard of reasonableness" and that there is a

reasonable probability that, "but for counsel's unprofessional errors, the result of the proceeding

would have been different." *Bell v. Cone*, 535 U.S. 685, 695 (2002); *Strickland v. Washington*,

466 U.S. 668, 687-88 (1984). The Court evaluates counsel's performance based on the facts of

the particular case, viewed from counsel's perspective at the time. *Strickland*, 466 U.S. at 689.

A petitioner's failure to prove either the performance prong or the prejudice prong will cause the

claim to fail. *Id.* at 697.

"*Strickland* does not mandate prescience, only objectively reasonable advice under

prevailing professional norms." *Sophanthavong v. Palmateer*, 378 F.3d 859, 870 (9th Cir. 2004)

(holding attorney was not required to accurately predict how courts would resolve question

regarding sufficiency of evidence for conviction). Thus, a court reviewing an ineffective

Page 9 - FINDINGS AND RECOMMENDATION

assistance of counsel claim cannot require that an attorney anticipate a decision in a later case.

*Lowry v. Lewis*, 21 F.3d 344, 346 (9th Cir. 1994) (petitioner's criminal attorney not ineffective

for failing to anticipate court ruling in the petitioner's subsequent civil action). Where, however,

an attorney has notice of change in the law during a trial or direct appeal, the attorney's failure to

apprise the defendant of the change may constitute ineffective assistance. *See Lewandowski v.*

*Makel*, 949 F.2d 884, 888 (6th Cir. 1991) (counsel ineffective in failing to advise client of the

risks of appeal after a lower court decision put counsel on notice of a change in the law); *United*

*States v. Loughery*, 908 F.2d 1014, 1018-1019 (D.C. Cir. 1990) (counsel ineffective in failing to

apprise client of a recent Supreme Court decision when knowledge of the decision might have

led the client to withdraw her plea).

Here, because Losh has procedurally defaulted his claims regarding the failure to identify

issues for appeal, his only remaining ineffective assistance of counsel claim concerns his trial

counsel's failure to make an *Apprendi* objection to the upward departure and consecutive

sentence on the burglary charge. Although Losh relies on cases where counsel failed to apprise

their clients of an existing change in the law, he faults his counsel's performance for failure to

anticipate a future change. He argues that, at the time of his sentencing, other counsel had raised

*Apprendi* objections to challenge the use of court-found facts to increase sentences above

guideline maximums. The PCR court rejected this argument.

The PCR court reached a reasonable conclusion. Courts must evaluate counsel's

performance as of the time of counsel's conduct, not "in the harsh light of hindsight." *Bell*, 535

U.S. at 702. As noted, at the time of Losh's sentencing, Oregon courts understood "statutory

maximum" to be the maximum term of imprisonment set forth by statute. *See Dilts*, 179 Or.

Page 10 - FINDINGS AND RECOMMENDATION

App. at 281, *aff'd* 82 P.3d 593 (Or. 2003).   Thus, Losh's trial counsel did not fall below

reasonable standards when she failed to foresee that *Blakely* would change the courts'

interpretation of "statutory maximum."

      The PCR court also reasonably rejected Losh's claim that his counsel's failure to raise an

*Apprendi* objection to his consecutive sentence constituted ineffective assistance.   As the

Supreme Court holding in *Ice* makes clear, *Apprendi* does not apply to statutory schemes that

require judges to find facts before they impose a consecutive sentence.   129 S. Ct. at 717-718.

Thus, Losh cannot establish that the outcome would have been different had his trial counsel

objected to his consecutive sentence on *Apprendi* grounds.   Therefore, the PCR court's decision

that Losh's trial counsel did not render ineffective assistance was neither contrary to nor an

unreasonable application of clearly established federal law.   The court should deny this ground

for habeas relief.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Page 11 - FINDINGS AND RECOMMENDATION

## CONCLUSION

For the reasons set forth above. Losh's petition under 28 U.S.C. § 2254 should be denied and judgment should enter dismissing this case with prejudice.

## SCHEDULING ORDER

Objections to these Findings and Recommendation, if any, are due March 10, 2009.  If no objections are filed, then the Findings and Recommendation will be referred to a Unites States District Judge for review and go under advisement on that date. If objections are filed, any response to the objections will be due fourteen days after the date the objections are filed and review of the Findings and Recommendation will go under advisement on that date.

Dated this 24th day of February, 2009

Honorable Paul Papak
United States Magistrate Judge